# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 1:21-cr-00447-2 (CJN) |
| JOSEPH DANIEL HUTCHINSON III, | |
| *Defendant*. | |

## ORDER

Before the Court is Defendant Joseph Daniel Hutchinson III's Motion to Modify Conditions of Release ("Mot."), ECF No. 87, to permit him to travel outside the Middle District of Georgia. Magistrate Judge Harvey previously placed Hutchinson on Home Detention. *See* Order Setting Conditions for High Intensity Supervision Program as to Hutchinson ("Release Order"), ECF No. 22, at 2. That Order sets the terms of Hutchinson's home detention and restricts him to his residence except for employment purposes, religious services, medical treatment, and the like. *Id.* If Hutchinson wishes to leave his home for a nonenumerated reason, he must have his request "approved in advance by the pretrial services office." *Id.* Magistrate Judge Harvey further ordered that Hutchinson be placed on GPS monitoring throughout the pretrial process. *Id.* But the Order also allows Hutchinson to leave the Middle District of Georgia (where Hutchinson lives) by notifying Pretrial Services in advance; a Court order granting permission to travel is required only if Hutchinson seeks to leave the country. *Id.* at 3. And the Release Order places no limits on Hutchinson having any contact with his codefendants, *see generally id.*, something the United States has never sought to modify.

Despite the language of Magistrate Judge Harvey's Order, and despite previous orders of this Court, Pretrial Services believes that it needs an Order from this Court allowing Hutchinson

1

to leave the Middle District of Georgia. Pretrial Services does not object to Hutchinson's travel plans; indeed, Hutchinson has already discussed with Pretrial Services the logistics of how his GPS monitoring will work during the trip. *See* ECF No. 86, at *3. And Pretrial Services will continue to supervise him while he is in Florida, as it has previously done. *See id.*

The government, however, opposes Hutchinson's motion on the grounds that he should not be permitted to meet in person with his codefendants during his trip. *See* ECF No. 88. But as the Court has explained in prior proceedings, *see* ECF No. 66 at 2, Hutchinson has never been barred from having any contact with his codefendants. Magistrate Judge Harvey's Order setting the terms of Hutchison's home detention has never included such a condition, and (as the Court has also previously pointed out) the government has never moved to add such a condition. The Court still does not see an appreciably greater risk from Hutchinson potentially communicating with his codefendants in person when he has long been free to do so in other ways. The government is reminded again that, if it wishes to seek a modification of the conditions imposed by Magistrate Judge Harvey as part of Hutchinson's home detention, it must file a motion. It has not done so.

Accordingly, it is

**ORDERED** that Defendant Joseph Daniel Hutchinson III's Amended Motion to Modify Conditions of Release, ECF No. 87, is **GRANTED**. Hutchinson may travel from Albany, Georgia, to Lakeland, Florida, and back from March 28, 2022, to March 30, 2022. He shall comply with all other restrictions established by his Pretrial Services Officer and consistent with his Release Order during this time.

DATE: March 26, 2022

                                                 CARL J. NICHOLS
                                                 United States District Judge