# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No.: 1:21-cr-00447-CJN-2 |
| JONATHAN DANIEL POLLOCK, et. al. | |

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

COME NOW the Defendants, jointly, by and through their undersigned counsel, and herein respectfully file this response in opposition to the government's Motion to Modify Conditions of Release. (ECF 98, 100). In support, they show as follows:

**Relevant Procedural Background**

On June 30, 2021, the defendants were arrested pursuant to arrest warrants issued in conjunction with the filing of a sealed complaint which had been filed on June 25, 2021. (ECF 5-7, 11). Mr. Doolin, Ms. Pollock and Mr. Perkins were arrested in the Middle District of Florida, while Mr. Hutchinson was arrested in the Middle District of Georgia.

At the initial appearances of Mr. Hutchinson, Mr. Doolin, and Ms. Pollock, the government did not seek detention, while they did seek detention for Mr. Perkins.[1] (ECF 74-76, 84). At those

---

[1] In its Motion to Modify Conditions of Pretrial release, asking the court to impose no-contact conditions on Mr. Hutchinson, Mr. Doolin and Ms. Pollock, the government states that it did not move to detain those three defendants "because they did not qualify for detention under 18 U.S.C. §3142(f)(1)(A)-(B), (f)(2)" because none of their charged offenses qualified as crimes of violence pursuant to 18 U.S.C. § 3142(f)(1)(A). (ECF 98 p.3). This of course ignores the fact that the government had another avenue to seek detention. They could have moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(B) and argued that there was a serious risk that the defendants would seek to obstruct justice by collaborating with each other. They did not do this. Insofar as the government's motion to modify can be read to suggest 18 U.S.C. § 3142(f)(1) provided their only avenue to seek detention, that is incorrect. 18 U.S.C. § 3142(f)(2) was available, and a motion on those grounds would have been consistent with their position objecting to any contact since then. Yet they did not avail themselves of that opportunity then, or at any time since, until the filing of their motion to modify at ECF 98, 100).

1

same initial appearances for Mr. Hutchinson, Mr. Doolin, and Ms. Pollock, the government did not ask for a no-contact condition of their unopposed pretrial release terms. (Text Minute Entry 07/08/2021). All three defendants were released on their personal recognizance under certain conditions. Mr. Hutchinson was subject to home detention and GPS location monitoring but had no restrictions on his ability to speak or see his co-defendants in person. (ECF 21). Mr. Doolin was subject to GPS location monitoring but had no restrictions on his ability to speak or see his co-defendants in person. (ECF 22). Ms. Pollock was subject to GPS location monitoring but had no restrictions on her ability to speak or see his co-defendants in person. (ECF 23).

Following Mr. Perkins's detention hearing, the Court denied the government's motion to detain and released Mr. Perkins on personal recognizance. (ECF 29). His conditions of release included home detention, GPS monitoring, and prohibited contact with his co-defendants unless in the presence of counsel. (ECF 29).

During the pendency of this case three defendants have sought multiple modifications of release conditions. (ECF 35, 52 [Mr. Doolin]; 40, 61, 71, 72 [Mr. Perkins]; 65, 69, 86, 87, 94 [Mr. Hutchinson]). Mr. Hutchinson's requests involved modifying his conditions of release to allow him to travel to Florida for the purposes of attending events and socializing with his co-defendants. (ECF No. 65, 69, 86, 87, 94.) Mr. Perkins also filed motions to modify his conditions of release so that, among other things, he could have contact with his co-defendants. (ECF 71, 72.) The Government objected to each modification request, in part on the grounds that contact between Perkins, Hutchinson, and their co-defendants, presented a danger to the community. (See, e.g., ECF No. 73.) The Court granted Hutchinson and Perkins' requests. (ECF 66, 89; Min. Order, Dec. 22, 2021; Min. Order, Apr. 6, 2022.)

At no point since the release of all four defendants did the government seek to have their conditions of release modified, instead continually objecting to requests to modify conditions of pretrial release which would have placed the defendants in position to visit with each other. On April 5, 2022, Mr. Perkins filed a motion seeking a Court order modifying his conditions of release to remove the provision limiting his contact with his co-defendants. (ECF 71). In that motion, as in all the other motions to modify conditions of pretrial release, the government's position objecting to any contact between co-defendants was noted by defense counsel. The following day, April 6, 2022, the Court ordered the government to show cause as to why they continued to object to various requests by Mr. Hutchinson to modify his conditions of pretrial release to allow him to travel home to Florida to celebrate various holidays and notable events with family and friends, including his co-defendants. (Text Min. Entry 04/06/2022). In response, on April 20, 2022, the government filed a Motion to Modify conditions of pretrial release as to Mr. Hutchinson, Mr. Doolin, and Ms. Pollock, asking the Court to impose a condition of pretrial release prohibiting any contact with their co-defendants outside presence of counsel. (ECF 98, 100). Notably, the government did not file a formal response to Mr. Perkins' motion seeking to eliminate the no-contact with co-defendants provision from his conditions of pretrial release.

On April 22, 2022, the Court granted Mr. Perkins' motion to eliminate the no-contact with co-defendants provision from his conditions of pretrial release. (ECF 99).

### Argument and Authority

The government relies on two grounds in asking this Court to modify the conditions of pretrial release for Mr. Hutchinson, Mr. Doolin, and Ms. Pollock. First, "the defendants' dangerousness" and second, "the fact that one of their co-defendants, [sic] is actively eluding law enforcement as a fugitive." (ECF 98 pp.5-6).

3

In support of the dangerousness ground, the government relies solely and exclusively on alleged conduct of the defendants which took place on or before January 6, 2021. (ECF 98 pp.6-7). They allege no conduct, since January 6, 2021, in support that the defendants are too dangerous to be able to contact each other. In support of their position that Mr. Pollock's fugitive status is problematic, they speculate, without any evidence, that the fact that Mr. Pollock has avoided arrest "suggests that he has received assistance from those close to him." (ECF 98 p.7).

*The Cited Reasons for the Motion Are Not New*

As the Court has noted multiple times throughout the litigation of the various motions to modify conditions of pretrial release to allow for Mr. Hutchinson's travel and Mr. Perkins's request to remove the no-contact provision of his conditions of release, the concerns the government raises are not new. They existed from the very beginning of this prosecution.

At the time of the first appearance of Mr. Hutchinson, Mr. Doolin, Ms. Pollock, and Mr. Perkins, their conduct before and on January 6, 2021 was known to the government and is clearly and comprehensively outlined in the complaint, indictment, as well as their memorandum in support of their oral motion to detain Mr. Perkins. (ECF 1, 8, 10). In their pending motion to impose a no-contact provision on Mr. Hutchinson, Mr. Doolin, and Ms. Pollock, the government makes no allegations of any conduct since January 6, 2021 that suggests either dangerousness in general, or dangerous or illegal collusion between the co-defendants in particular. In short, there is nothing new in their claims of dangerousness. The same facts existed when the defendants were all arrested. The government was not concerned at the time about the defendants being in contact, evidenced by their failure to raise the issue in any way, shape, or form.

4

As for Mr. Pollock's fugitive status, that too was known at the time of the initial appearances for Mr. Hutchinson, Mr. Doolin, and Ms. Pollock. The only difference is that time has passed without his arrest. The government's claim that their failure to apprehend Mr. Pollock "suggests that he has received assistance from those close to him" is generalized speculation, unsupported by any evidence or proof. In a review of a previous order issued pursuant to 18 U.S.C. § 3142(a), the Court should consider *de novo* the question of pre-trial detention. *United States v. Sheffield*, 799 F.Supp.2d 18, 19–20 (D.D.C. 2011). The Court can do so by taking evidence, recalling witnesses or reviewing transcripts, or proceeding through proffer and argument at its discretion. *(Id.)* "The phrase 'de novo determination' has an accepted meaning in the law. It means an independent determination of a controversy that accords no deference to any prior resolution of the same controversy." *United States v. Raddatz*, 447 U.S. 667, 690, 100 S. Ct. 2406, 2419, 65 L. Ed. 2d 424 (1980). In this context then, *de novo* review means that this Court must place itself in the position of the magistrate when first considering the issue.

In that context, under 18 U.S.C. § 3142(a) there was and is a presumption in favor of pretrial release for the defendants and the government must introduce evidence to overcome that presumption. Under § 3142(c) the Court can find that there are conditions of pretrial release that are necessary to limit any perceived potential for danger to the community. In this situation, as raised by the government, the concern would be illegal collusion between the defendants relating to obstructing the investigation or prosecution of the case.

Here, the evidence presented by the government at the initial appearances is the same as it is now. Only their position on the issue has changed. The government has offered no new evidence and thus the conclusion should likewise be the same: there is no need for a no-contact condition of pretrial release.

*The Only New Information Argues Against a Need for a No-Contact Condition*

There is, however, additional evidence now available to the Court when reviewing the issue of detention generally and a no-contact condition of pretrial release specifically: the behavior of the defendants over the last almost ten months since their release. There has been no evidence presented to the Court that there has been any danger created by the defendants' ability to be in contact with each other since their release in July of 2021. Indeed, the government does not even make an allegation that there has been any danger created by their ability to be in contact during that time. This means that, while Mr. Hutchinson, Mr. Doolin, and Ms. Pollock, have been able to speak on the phone or via virtual teleconference (Facetime, Zoom etc.), and Mr. Doolin and Ms. Pollock could see each other in the same physical place for these last ten months, nothing has happened to suggest that ability has created danger.

Additionally, Mr. Hutchinson, with the Court's approval, has now traveled from Georgia to Florida five times. Each time he has been able to be in the physical presence of Mr. Doolin and Ms. Pollock. And yet there is no indication of any sort that there has been any problem, issue, or concern, resulting from those trips.

Considering that this Curt, during an § 3145(a) review, is able to consider almost anything presented to it that is relevant to the issue of the defendants' collective pristine behavior, while on pretrial release, most certainly would argue against the need for a no-contact condition. *Sheffield*, supra.

## Conclusion

There is simply nothing before the Court to suggest that a condition of pretrial release prohibiting contact between the defendants is necessary or otherwise appropriate in this case. The bases for the government's argument are facts that existed at the time of the initial appearances of

6

the defendants when detention was first considered. At the time, the government was not concerned with the defendants' ability to be released from detention or to contact each other while on release. This is evidenced both by their affirmative decision to not seek to detain Mr. Hutchinson, Mr. Doolin, or Ms. Pollock, or to ask for a no-contact condition of their pretrial release. The only thing that has changed in the ten months since their release is that through their collective behavior, they have shown that they can be free from detention, in contact with each other, and create no problems whatsoever through having those abilities, much less a serious risk that such a danger exists. Thus, there is no need for a no-contact condition and adding one now would go beyond the mandate of 18 U.S.C. §§ 3142(a) and 3142(f)(2).

WHEREFORE, the defendants therefore respectfully request that the Court deny the government's motion for such a modification of the terms of pretrial release.

Respectfully submitted this 28th day of April 2022.

/s/**Timothy R. Saviello**
Ga. Bar No. 627820
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org

/s/**Allen Howard Orenberg**
D.C. Bar No. 395519
THE ORENBERG LAW FIRM, P.C.
12505 Park Potomac Avenue
6th Floor
Potomac, MD 20854
301-984-8005
Fax: 301-984-8008
Email: aorenberg@orenberglaw.com

/s/ **Nancy Clare MacEoin**
Pa. Bar No. 90923
FEDERAL COMMUNITY DEFENDER OFFICE
FOR THE E.D. OF PENNSYLVANIA
601 Walnut Street - Suite 540 West
Philadelphia, PA 19106
215-928-1100
Fax: 215-928-1112
Email: nancy_maceoin@fd.org

/s/**Elita C. Amato**
D.C. Bar No 442797
ATTORNEY AT LAW
2111 Wilson Blvd.
Suite 8th Floor
Arlington, VA 22201
703-522-5900
Fax: 703-997-7775
Email: amato.law@comcast.net

**CERTIFICATE OF SERVICE**

I, Timothy R. Saviello, hereby certify that, on April 28, 2022, I electronically filed the foregoing *Defendant's Joint Response in Opposition to the Government's Motion to Modify Conditions of Release* with the Clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

/s/**Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org