IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH DANIEL HUTCHINSON III | Case No.: 1:21-cr-00447-CJN-2 |

**MOTION TO MODIFY CONDITIONS OF RELEASE
TO REMOVE HOME DETENTION CONDITION AND ALLOW FOR WORK-
RELATED TRAVEL OUTSIDE THE DISTRICT**

COMES NOW, the Defendant, Joseph Daniel Hutchinson III, by and through his undersigned counsel, and herein respectfully moves the Court to modify the conditions of his pretrial release to allow him to travel out of the arresting district to celebrate the Fourth of July holiday with his family and friends in Florida. Counsel submits the following in support of this motion.

(1)

Mr. Hutchinson was arrested in the Middle District of Georgia on June 30, 2021, pursuant to a sealed complaint filed June 25, 2021. (MDGA Case 5:21-mj-00056 (*Hereinafter* "MDGA-Doc.", 2) He made his first appearance, and was released from custody under certain conditions. (MDGA-Doc.11) He was indicted July 1, 2021. (DCD Case 1:21-cr-00447 (Hereinafter "DCD-Doc.", 8). He made his first appearance in the charging district via video teleconference on July 8, 2021 and was arraigned. (DCD Case 1:21-cr-00447 (Hereinafter "DCD-Doc.", 07/08/2021 text docket entry) He was given an appearance bond and released on certain conditions of release. (DCD-Doc.21).

(2)

Since his release, Mr. Hutchinson has been working for his father at a used merchandise store that his father owns and operates in Albany, GA.  Mr. Hutchinson grew up in Lakeland, FL and members of his family still live there.

While on pretrial release, Mr. Hutchinson has requested modifications to his conditions of release as follows:

- On November 23, 2021, Mr. Hutchinson filed a motion seeking to modify his conditions of pretrial release to allow him to travel back to Lakeland, FL to celebrate the Thanksgiving holiday with family and friends. (DCD-Doc.65) Following a hearing on the motion later that same day, the court granted the motion and issued the associated order. (DCD-Doc.66) Mr. Hutchinson then traveled to Florida for the Thanksgiving holiday and returned to Albany, GA where he has been living during the pendency of this case.  Mr. Hutchinson adhered to every condition placed upon the court's permission for him to make that trip.  There were no problems or violations at all.

- Subsequently Mr. Hutchinson filed a motion requesting permission to travel to Florida to celebrate the Christmas Holiday and the wedding of his best friend and co-defendant, Mr. Doolin. (DCD-Doc.69) The court granted the motion (12/22/2021 text docket entry). Mr. Hutchinson traveled to Florida and returned, adhering to the required conditions imposed by the Court, with no problems.

- Mr. Hutchinson requested permission to travel to Florida to celebrate his birthday in March 2022. (DCD-Doc.86) The motion was granted, Mr. Hutchinson made the trip and returned uneventfully.

- Mr. Hutchinson requested permission to travel to Florida to celebrate the Easter holiday with his family. (DCD-Doc.94)  That motion was granted. (DCD-Doc. 04/06/2022 Text Entry)   Mr. Hutchinson made the trip and returned uneventfully.

- On June 21, 2022, Mr. Hutchinson then requested permission to travel to Florida to celebrate the July 4th holiday with his family. (DCD Doc.114)  The Court granted the motion. (DCD Doc. 115)  Mr. Hutchinson made the trip and returned uneventfully.

(3)

Mr. Hutchinson's conditions of release include both home detention and a requirement that he notify the Middle District of Georgia "in advance of all travel outside the jurisdiction." (Doc.21, 7(t)) Any travel outside the continental United States must be approved by the court.

Although the court's order only requires notification for travel outside the jurisdiction, United States Probation has taken the position that the Home Detention condition (7(p)(ii)) requires court approval for travel outside of the district. Consequently, Mr. Hutchinson, through counsel, now files this motion seeking such an order.

Mr. Hutchinson now respectfully requests that the court modify the terms and conditions of his pretrial release by removing the home detention condition, and to further direct that Mr. Hutchinson is allowed to travel outside of the district in accordance with condition (7)(t). (DCD Doc. 21, p.3) Mr. Hutchinson makes this request in order to facilitate the travel necessary for a new job opportunity, and because his behavior on pretrial release to date has shown home detention is no longer necessary.

(4)

As the court is aware, Mr. Hutchinson has been working for his father's business since his release on conditions on July 8, 2021. At that point, his father had just recently opened a consignment business in Albany, GA. That business involves the buying and selling of used (and sometimes new) items of all sorts. Because the shop is in Albany, GA, it is surrounded by agricultural businesses so often the shop deals in farm equipment. Mr. Hutchinson has been working as an employee of the business, but it is not profitable and essentially makes just enough to stay solvent.

While he has greatly appreciated the chance to work while his criminal case is being litigated, he has long wanted to make more money than is possible as an employee at his father's shop. The problem is that his conditions of release include a home detention condition, which as the court knows, limits not only his ability to leave his residence, but also prevents him from traveling outside the district absent prior approval from United States Probation.

The home confinement condition states that Mr. Hutchinson must remain in his residence "except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer." (DCD Doc. 21, p.3 *Condition (p)(ii)*) There only other travel restriction as a condition of Mr. Hutchinson's release is much less severe than the conditions of home confinement. He is only required to notify his supervising probation officer in advance of any travel outside the district and must get court approval for travel outside of the United States.

As the court is aware, US Probation has taken the position that the home detention conditions supersede the notification requirement in condition (7)(t). This has prevented Mr. Hutchinson from seeking any other employment opportunities, because the need for prior approval to leave the house requires significant flexibility from any employer.

(5)

In looking for other job possibilities, Mr. Hutchinson set his eye on becoming a Pilot Escort Driver. A Pilot Escort Driver drives a normal vehicle either in front of or behind a tractor-trailer hauling an oversized load which extends beyond the normal traffic lanes on our nation's highways. The pilot escort car contains flags, lights and other signage notifying other drivers of the oversized

load in order to bring awareness that additional caution is needed when driving in proximity to that oversized load.  In this way, oversized loads can travel more safely along the highways.

Mr. Hutchinson researched the requirements to become a Pilot Escort Driver and found that while many states do not require any certification, both Florida and Georgia do. In Florida, "[a] flasher-equipped escort vehicle is defined as an automobile or truck that closely accompanies an over dimensional vehicle or load carried thereon to alert approaching traffic of that vehicle or load. Such escort vehicles shall be equipped with a working warning light device, as defined in this subsection, except that such device shall be located on top of the escort vehicle." *Fla. Stat. Ann*. § 316.515 (West). A "qualified escort" under Florida law:

> (c) Qualified escorts:
>
> 1. Must be at least 18 years of age and must possess a valid driver's license in the state or jurisdiction in which he or she is a resident.
>
> 2. Must have successfully completed a minimum eight hour defensive driving course as provided by a National Safety Council qualified instructor or hold a currently valid Commercial Driver's License (Class A, B, or C). The instructor shall not be an employee of the employing escort service.
>
> 3. Must have successfully completed a minimum eight hour pilot/escort flagging course provided by a Department vendor.
>
> 4. Shall maintain in his or her possession, for prompt presentation upon request by a law enforcement person or Department representative, a copy or copies of the qualification document or documents verifying completion of the required qualification courses.
>
> 5. Shall be requalified every four years by successfully completing a four hour refresher course provided by a Department vendor.

Fla.Admin.Code. 14-26.012(2)(c)

Georgia has similar requirements for the certification of escort drivers. "The department shall issue rules to establish a driver training and certification program for drivers of vehicles escorting oversize/overweight loads. Any driver operating a vehicle escorting an

oversize/overweight load shall meet the training requirements and obtain certification under the rules issued by the department pursuant to this Code section." *Ga. Code Ann. § 32-6-28*. *See Exhibit 1(Georgia Pilot/Escort Escort Vehicle Operator Handbook)*. Additionally, "[t]he rules may provide for reciprocity with other states having a similar program for escort certification." *Id.* Georgia specifically recognizes Florida's escort driver certification as satisfactory certification in Georgia as well, and thus does not require certification via Georgia's program. http://gamccd.net/OSPermit/CertifiedEscortVehicle.aspx.

In July Mr. Hutchinson completed the required trainings and received his certification in Florida issued by the Florida Department of Transportation. *See Ex. 2*  Thus, he is currently certified to work as an escort driver for oversized vehicles in Florida and Georgia.

The next closest state to Georgia that requires certification is either Louisiana or Virginia. Virginia has a reciprocity agreement with Florida, thereby recognizing Mr. Hutchinson's Florida certification.  https://www.dmv.virginia.gov/drivers/#escrt/index.asp Louisiana does not have a reciprocity agreement with Florida, but Mr. Hutchinson does not plan to travel that far, instead he plans to work in the immediate southeast United States, primarily Alabama, Georgia, Florida, Tennessee, South Carolina and North Carolina.

(6)

Mr. Hutchinson, through counsel, has discussed this potential job opportunity with both US probation and the government.  US probation confirmed that working as a pilot/escort car driver would require the court to both approve the employment, as well as remove the home detention condition, and then provide direction as to any location monitoring the court deemed necessary.  Counsel for the government has stated that they "oppose lifting the home detention and travel restriction conditions."

(7)

Mr. Hutchinson now comes to the court asking that the following changes be made to his conditions of pretrial release:

- The Home Detention Condition be lifted. *See DCD Doc. 21 §7(p)(ii)*

- A location monitoring condition be imposed which allows for Mr. Hutchinson to travel for this new job. *The current location monitoring condition requires GPS monitoring. Mr. Hutchinson has no objection to GPS location monitoring remaining in place should the court allow him to work in this new job and remove the Home Detention condition. See DCD Doc. 21§7(q)*

Mr. Hutchinson has now been on pretrial release under conditions imposed by this court since July 8, 2021. During that time, he has done everything he can to show the court that he is grateful for the opportunity to remain un-incarcerated while his case is litigated. He has worked at a job that entire time. He has lived in the same location. He has remained in contact with his probation officer. He has abided by the rules imposed by the court, including seeking advance permission to travel to be with his family in Florida for family events and holidays. And each and every time the court has granted him permission to travel, he has followed the parameters of the permitted travel: he left when he said he would, stayed overnight where he said he would, traveled only to the events he said he would, and returned home when he said he would.

Mr. Hutchinson has spent the last 13+ months working in a job that barely pays his bills. He accepts and understands that should he convicted a sentence involving restitution, a fine and incarceration is a likely outcome. He would like the chance to earn more money while on pretrial release than he has currently been able to, in order to provide for the ability to pay any restitution or fine and hopefully have some left over to provide for commissary funds while serving any sentence. He hopes that his behavior on pretrial release to date has shown the court that he understands the privilege that pretrial release is, and that he will do nothing to put that privilege at

risk. However, he is 26 years old and wants to be able to provide for himself in a meaningful way. His current job doesn't allow that, and the job market in Albany, like most of middle Georgia, is depressed and provides very limited opportunities locally. He has proactively sought out job opportunities and found the pilot/escort car field as one where there are jobs available. He did the research on what was required to become qualified for the job, then applied for and took the required training courses, and received the necessary certifications. All he is asking is that the court allow him the opportunity to work in this area and make a meaningful living while his case is litigated.

WHEREFORE, because this request is reasonable, consistent with the other current conditions of pretrial release and because it otherwise would be just and fair to grant the request, Mr. Hutchinson, through counsel, respectfully requests the court grant the motion and issue an order making the changes to his conditions of pretrial release as outlined above.

Dated this 19th day of August 2022.

Respectfully submitted,

/s/**Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820

Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org

**CERTIFICATE OF SERVICE**

I, Timothy R. Saviello, hereby certify that I electronically filed the foregoing pleading with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

/s/**Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820

Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org