IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : CASE NO. 21 Cr. 447 (CJN) |
| **JOSEPH DANIEL HUTCHINSON, III,** | : |
| **Defendant.** | |

### GOVERNMENT'S OPPOSIITON TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America respectfully submits this memorandum in opposition to defendant Joseph Daniel Hutchinson's most recent motion to modify the conditions of his release. ECF No. 146. The Government respectfully opposes the defendant's request to remove condition that he be subject to home detention enforced by location monitoring and instead subject to stand-alone monitoring.

### Procedural Posture

On June 25, 2021, Hutchinson was charged by complaint (the "Complaint") with: (1) Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. §§ 111(a)(1), and 2; (2) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and (5) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).[1]

---

[1] The conduct underlying these charges is outlined in the Complaint, ECF No. 1-1. See ECF No.

Hutchinson was arrested in the Middle District of Georgia on June 30, 2021 and presented in that district on that same date.² Hutchinson was released subject to bail conditions that included home detention enforced by location monitoring.

On July 1, 2021, a grand jury in the District of Columbia returned indictment charging Hutchinson with (1) three counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. §§ 111(a)(1); (2) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. § 1752(a)(1) (Count Sixteen); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and (5) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).³

At Hutchinson's initial appearance in this district, on July 8, 2021, Magistrate Judge G. Michael Harvey set high intensity supervision conditions, which included home detention and GPS monitoring. ECF No. 21. The home detention requirement mandates that he remain at his residence except for certain, enumerated exceptions that include employment, education, religious services, health care appointments, attorney visits, court-ordered obligations, or other activities approved in advance by the pretrial services office.  ECF No. 21, ¶ 7(p)(ii). Hutchinson is also required to

---

1-1 ¶¶ 33-36.

[2] Three of Hutchinson's co-defendants – Perkins, Doolin, and Olivia Pollock – were also arrested on June 30, 2021, and released subject to bail conditions.  A fifth defendant, Jonathan Pollock, who was the most violent member of the core group, has yet to be apprehended.

[3] On July 13, 2022, a grand jury returned a superseding indictment in this case.  In addition to the charges in the initial indictment, the superseding indictment also charged Hutchinson with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).

notify the pretrial services office of travel outside of his home jurisdiction and comply with supervision requirements. ECF No. 21, ¶ 7(t).[4]

Hutchinson has filed several motions seeking to modify the conditions of his release, seeking permission to travel from the Middle District of Georgia to the Middle District of Florida in order to see his family for holidays and to socialize with his co-defendants, ECF Nos. 65, 69, 86, 87, 94; 114, which the Court has granted, ECF Nos. 66, 89; Min. Order, Dec. 22, 2021; Min Order, Apr. 6, 2022; Min. Order June 21, 2022.  Hutchinson now seeks to remove the home detention condition entirely and to be placed on stand-alone GPS monitoring.  The Court should not grant this modification.

### The Court Should Not Modify the Conditions of the Defendant's Pretrial Release

The pretrial release conditions imposed by Judge Harvey continue to balance allowing the defendant to maintain his current employment, protecting the safety of the community, and ensuring his continued appearance before the Court.  The removal of Hutchinson's home detention condition so that he can take a job that requires significant interstate travel upsets this balance and will leave Hutchinson subject to significantly less monitoring that is currently mandated.  The Government's understanding, after consulting with Hutchinson's Pretrial Services officer, is that the scope and frequency of the travel anticipated as a pilot escort driver is inconsistent with a condition of home detention and that, even were stand-alone location monitoring imposed, such travel would make it difficult to monitor Hutchinson effectively. Although the Court has ordered that Hutchinson and his co-defendants not have contact with

---

[4] The government believes the travel notification requirement and the home detention requirement are mutually inconclusive.

Jonathan Pollock, who remains a fugitive, the Government is concerned that the travel anticipated by Hutchinson's position as a pilot escort driver – "primarily Alabama, Georgia, Florida, Tennessee, South Carolina and North Carolina," ECF No. 146 at 6 – would enable Hutchinson to communicate with and provide assistance to Pollock.

A defendant's efforts to obtain employment is typically a positive development, but it is concerning that Hutchinson would invest so much effort in training for a position that is clearly at odds with his release conditions, prior to obtaining a modification of those conditions. Hutchinson is well-aware of the conditions and cognizant of restrictions they impose on his travel, among other things. Yet, he completed the required trainings in July, *see* ECF No. 146 Ex. 2, prior to ensuring that he would be able to accept such a position. Such timing indicates that Hutchison decided to act first and seek the Court's permission later.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

*/s/ Benet J. Kearney*
Benet J. Kearney
NY Bar No. 4774048
Assistant United States Attorney
1 Saint Andrew's Plaza
New York, New York 10007
(212) 637 2260
Benet.Kearney@usdoj.gov

Matthew Moeder
Assistant United States Attorney
MO Bar No. 64036
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
(816) 426-4103
Matthew.Moeder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022 I caused a copy of the foregoing opposition to be served on defense counsel of record via email.

*/s/ Benet J. Kearney*
Benet J. Kearney
Assistant United States Attorney
