IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : No. 1:21-cr-00447-CJN-03 |
| | : |
| **JOSHUA CHRISTOPHER DOOLIN,** | : |
| et al. | : |

**DEFENDANT JOSHUA CHRISTOPHER DOOLIN'S
MOTION FOR SEVERANCE OF DEFENDANTS PURSUANT
TO FED. R. CRIM. P. 14(a) WITH INCORPORATED
<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

COMES NOW Defendant, Joshua Christopher Doolin, by and through undersigned counsel, and pursuant to Rule14(a) of the Federal Rules of Criminal Procedure, hereby respectfully moves this Honorable Court for the entry of an Order of severance for trial. Mr. Doolin requests a separate trial be ordered for him apart from co-defendant Joseph Daniel Hutchinson. As grounds, the following is stated:

Co-defendants Michael Steven Perkins and Olivia Michele Pollock join in this motion, by their respective counsel. It is believed that the government opposes this motion.

On or about January 10, 2023, the Court granted co-defendant Joseph D. Hutchinson III leave to proceed *pro se*. (AFPD Timothy Saviello is now stand-by counsel.)

-1-

Trial is schedule to commence on March 6, 2023.

Fed. R. Crim P. 14(a) allows that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Mr. Doolin believes that by allowing Mr. Hutchinson to proceed to trial, *pro se,* it will irreparably prejudice Mr. Doolin (and his co-defendants), inasmuch as Mr. Hutchinson's apparent lack of legal training and utter lack of trial experience will likely be unseemly, and/or confuse the jury, and/or blur the issues before the jury thus compromising Mr. Doolin's right to a fair trial. And, not knowing the rules of criminal procedure and/or the rules of evidence, the Court or the stand by counsel will have to constantly educate Mr. Hutchinson on these vital rules which will cause undue delay in the trial prejudicing the other defendants, as well as the prejudicial spill over effect of his false steps, fumbling, etc.

And, Mr. Hutchinson "may conduct his own defense ultimately to his own detriment," *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1976), but his co-defendants should not likewise be deprived of their right to a fair trial by his so doing.

The U.S. Supreme Court has made clear that severance should be ordered when "there is a serious risk that a joint trial would compromise a specific trial

right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Counsel has researched the applicable case law and has not found any D.C. District Court decisions cases concerning a *pro se* defendant's pretrial decision to proceed *pro se* could prejudice other co-defendants. However, in *United States v. Tucker*, 12 F.4th 804, 815–16 (D.C. Cir. 2021) the D.C. Circuit considered the District Court's decision to deny a defendant's mid-trial decision to go *pro se* based on potential prejudice to co-defendants. When affirming the District Court"s decision to deny (defendant Fields) the request to proceed *pro se,* The D.C. Circuit observed in *Tucker:* "A trial involving a *pro se* defendant and co-defendants who are assisted by counsel is pregnant with the possibility of prejudice." *United States v. Veteto*, 701 F.2d 136, 139 (11th Cir. 1983) *Id.* At 816. *See also, United States v. Maxwell*, No. 5:15-cr-35-2, 2017 WL 6055785, at * 1 (M.D. Ga. Feb. 2, 2017) (granting motion to sever where pro se defendant had a history of disruptive behavior).

Severing Mr. Hutchinson from the trial of Mr. Doolin and his co-defendants at this time (some eight weeks before commencement of trial) will undoubtedly provide Mr. Hutchinson with additional time to review discovery and further prepare for his *pro se* defense at his separate trial. Furthermore, on January 17, 2023, Mr. Hutchinson filed a one-page *pro se* "Motion to extend all motions deadlines, Including but not limited to, those prior to my becoming a pro se litigant." (Doc. 173). In his motion, Mr. Hutchinson states "that 2 months is not

reasonable time to prepare my case."

## CONCLUSION

Notwithstanding the presence of stand-by counsel, there is a distinct possibility that Mr. Hutchinson's conduct at trial will be unseemly, confusing and he will otherwise blur the issues before the jury. This type of prejudice to Mr. Doolin (and to his co-defendants should) not be allowed by this Court. Fed. R. Crim. P. Rule 14(a) safeguard defendants from the prejudicial effects of joined defendants and, as argued herein, even more so when a co-defendant is proceeding to trial *pro se*.

WHEREFORE for the foregoing reasons and such other reasons that may appear just and proper, defendant Joshua Christopher Doolin, respectfully requests that his motion for a trial severance be granted – and a separate trial be ordered for him apart from co-defendant Joseph Daniel Hutchinson.

Respectfully Submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. (301) 984-8005
Fax No. (301) 984-8008
Cell-Phone (301) 807-3847
aorenberg@orenberglaw.com
Counsel for Mr. Joshua C. Doolin

Dated: January 17, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January, 2023, a copies of the foregoing Motion for Severanc,e and a proposed Order, were served to case registered parties by CM/ECF and by direct e-mail to Joseph D. Hutchinson: josephhutchinson@fastmail.com.

_____
Allen H. Orenberg, # 395519