**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CASE NO. 21 Cr. 447 (CJN)** |
| **JOSEPH DANIEL HUTCHINSON III,** | : | |
| **Defendant.** | | |

**<u>GOVERNMENT'S MOTION TO CLARIFY OR MODIFY CONDITIONS OF RELEASE</u>**

The United States of America respectfully submits this motion to clarify or modify defendant Joseph Hutchinson's conditions of release to require that he obtain approval from Pre-trial Service prior to traveling outside of the Middle District of Georgia.

**<u>Procedural Posture</u>**

On June 25, 2021, Hutchinson was charged by complaint (the "Complaint") with: (1) Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. §§ 111(a)(1), and 2; (2) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and (5) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).[1]

---

[1] The conduct underlying these charges is outlined in the Complaint, ECF No. 1-1. *See* ECF No. 1-1 ¶¶ 33-36.

Hutchinson was arrested in the Middle District of Georgia on June 30, 2021 and presented in that district on that same date.[2]  Hutchinson was released subject to bail conditions that included home detention enforced by location monitoring.   During the pendency of this case, Hutchinson has been supervised in the Middle District of Georgia.

On July 1, 2021, a grand jury in the District of Columbia returned indictment charging Hutchinson with (1) three counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. §§ 111(a)(1); (2) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. § 1752(a)(1) (Count Sixteen); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and (5) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).[3]   ECF No. 8.

At Hutchinson's initial appearance in this district, on July 8, 2021, Magistrate Judge G. Michael Harvey set high intensity supervision conditions, which included home detention and GPS monitoring. ECF No. 21. The home detention requirement mandated that he remain at his residence except for certain, enumerated exceptions that include employment, education, religious services, health care appointments, attorney visits, court-ordered obligations, or other activities approved in advance by the pretrial services office.   ECF No. 21, ¶ 7(p)(ii). Hutchinson was also required to

---

[2] Three of Hutchinson's co-defendants – Perkins, Doolin, and Olivia Pollock – were also arrested on June 30, 2021, and released subject to bail conditions.  A fifth defendant, Jonathan Pollock, who was the most violent member of the core group, has yet to be apprehended.

[3] On July 13, 2022, a grand jury returned a superseding indictment in this case.   In addition to the charges in the initial indictment, the superseding indictment also charged Hutchinson with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).   ECF No. 116.

notify the pretrial services office of travel outside of his home jurisdiction and comply with supervision requirements.   ECF No. 21, ¶ 7(t).[4]

Hutchinson filed several motions seeking to modify the conditions of his release, seeking permission to travel from the Middle District of Georgia to the Middle District of Florida in order to see his family for holidays and to socialize with his co-defendants, ECF Nos. 65, 69, 86, 87, 94; 114, which the Court has granted, ECF Nos. 66, 89; Min. Order, Dec. 22, 2021; Min Order, Apr. 6, 2022; Min. Order, June 21, 2022.

Most recently, Hutchinson filed a motion seeking to remove the home detention condition so that he could accept employment as a pilot escort driver, which requires interstate travel, and to replace that condition with stand-alone location monitoring.   ECF No. 146.   The Government oppose this motion on the grounds home detention was still a necessary condition of release, that Hutchison's proposed employment was inconsistent with that condition, and that, even with location monitoring, the travel required by the proposed employment would make monitoring and supervising Hutchinson difficult.   ECF No. 152.   The Court granted Hutchinson's modification motion and set a curfew condition.   Min. Order Oct. 11, 2022; Min Order, Oct. 13, 2022.

On November 22, 2022, Hutchinson subsequently filed an addition motion seeing the following modifications to accommodate his anticipated employment:

(1) Hutchinson would permitted to travel outside of the Middle District of Georgia for no

---

[4]   The Government believes the travel notification requirement and the home detention requirement are inconsistent and that, under ¶ 7(p)(ii), Hutchinson must obtain approval from pretrial services before traveling outside of the supervising jurisdiction..

more than 14 overnight stays per month;

(2) No single trip could be longer than two consecutive overnight stays;

(3) When at home, Hutchinson would be subject to regular curfew hours;

(4) When not at home, Hutchinson would be subject to the same curfew hours, but at a
hotel rather than his residence.

ECF No. 160.   On December 14, 2022, the Court modified Hutchinson's conditions as follows:

(1) Mr. Hutchinson is allowed to travel [outside of the Middle District of Georgia] for no
more than 14 overnight stays per month *for the sole purpose of working as a pilot driver*;

(2) No single trip can be longer than two consecutive overnight stays;

(3) Mr. Hutchinson must remain on location monitoring, but not subject to a curfew or home
detention.   . . . Mr. Hutchinson may travel *for work purposes* to [certain states], but may
not travel to DC except for scheduled Court appearances.

ECF No. 163 (the "December 14 Order") (emphasis added).

## Request

The Government has learned that Hutchinson has not notified pretrial services of any
employment-related travel since the Court's December 14 order.   However, Hutchinson has
notified his pretrial services officer of two lengthy trips to the Lakeland, Florida area for personal
reasons, one from December 24, 2022 through January 7, 2023, and one commencing on January
23, 2023 for an undetermined amount of time.[5]   The long and indefinite nature of these trips make
supervision of Hutchinson difficult when he is outside of the Middle District of Georgia, for

---

[5] Hutchinson estimated "probably around 10 days," according to his supervising officer.

example, the officer cannot conduct home visits or ask Hutchinson to report to the pretrial services office when Hutchinson is not in-district.   However, it is the pretrial office's position that, because the Court removed both Hutchinson's home detention condition and his curfew condition, it does not have the authority to approve or disapprove the trips, so long has Hutchinson provides notice.

The Government believes that this personal travel, unrelated to any employment, is not within the spirit of the Court's December 14 Order.   The Government seek therefore seeks clarification regarding whether the Court intended to permit Hutchinson free reign to travel, as he sees fit, for any reason, or whether the December 14 Order was meant to pertain only to travel necessary for his employment as a pilot escort driver.   If the latter, the Government respectfully requests a modification to make this limitation clear.

## Conclusion

For the foregoing reasons, the government respectfully requests that the Court grant this motion.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ *Benet J. Kearney*
Benet Kearney
Assistant United States Attorney
NY Bar No. 4474048

Matthew Moeder
Assistant United States Attorney
MO Bar No. 64036

Brendan Ballou
Special Counsel, Detailee
DC Bar No. 241592

601 D Street, N.W.
Washington, D.C. 20530
(212) 637 2260 / (816) 426-4103 / (202) 431-8493
Benet.Kearney@usdoj.gov
Matthew.Moeder@usdoj.gov
Brendan.Ballou-Kelley@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2023 I caused a copy of the foregoing motion to be served on counsel of record via ECF and on defendant Joseph Hutchinson by email.

*/s/ Benet J. Kearney*
Benet J. Kearney
Assistant United States Attorney