Leave to File
GRANTED
March 1, 2023
*[signature]*

United States of America

Date: February 27th, 2023

Matthew M. Graves

United States Attorney

Benet J. Kearney

NY Bar #4774048

Assistant United States Attorney

1 Saint Andrew's Plaza

New York 10007

(212) 637-2260

Benet.Kearney@usdoj.gov

Brendon Ballou

Special Counsel

U.S. Department of Justice

950 Constitution Avenue NW

Washington, DC 20350

(202) 431-8493

v.

Case # 1:21 –cr-0447-CJN-2

Joseph Daniel Hutchinson

## Motion to travel to DC

It is in the best interest of justice that I Joseph Daniel Hutchinson be allowed to attend the trial of Joshua C. Doolin, Michael Perkins, and Olivia Pollock in DC and that a timely response be made to the pro se defendant.

For I as the accused am the only one facing injury and lose of rights, and as such have the right to any and all opportunities that might be advantageous for making my defense.

And seeing that the above mentioned Defendants were apart of the same case, it stands to reason that there is no good reason that the court should deny me the ability to support my friends and learn court procedure.

For there is no good cause for the prosecution to object to this request, and to do so would just be malicious prosecution.

For the court and prosecution's duty is not to seek conviction, but to seek justice.

It is also understood that as a pro se litigate, though expected to follow legal procedure, I am not held to the same strict standards of perfection as a licensed attorney and slight errors be accepted, and that efficiency give way to the interests of justice.

It is assumed that this has met the requirements for good cause.

If this is not sufficient to obtain all that is requested , please advise within 24hr. or it will be assumed that this is sufficient to obtain all the above requests.

Conley v. Gibson, 355 U.S. 41 at 48 (1957) "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice. Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449 "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."

Haines v. Kerner, 404 U.S. 519 "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."

Jenkins v. McKeithen, 395 U.S. 411, 421 ; Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233 Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.

Maty v. Grasselli Chemical Co., 303 U.S. 197 "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603 "Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them."

Sincerely, Joseph Daniel Hutchinson

Signed, *Joseph Daniel Hutchinson*

Email: ▮
Phone ▮
Mailing: ▮