UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CASE NO. 21-CR-447-2 (CJN)** |
| | : | |
| **JOSEPH DANIEL HUTCHINSON,** | : | |
| | : | |
| **Defendant.** | : | |

## OPPOSITION TO MOTION TO DISMISS

On August 29, 2024, Joseph Daniel Hutchinson III moved to dismiss the case against him. ECF No. 348. Hutchinson raised several arguments, the thrust of which is that he claims he will not be ready for trial by October 15. This is because, he claims, (1) the laptop the jail issued him is not working, (2) he cannot message his standby counsel on his jail-issued tablet, and (3) more generally, while incarcerated, he cannot effectively represent himself. The issues he raises have already been addressed and Hutchinson can adequately prepare for trial.

*First*, Hutchinson can conduct legal research. According to the Department of Corrections, he can currently do so on Fastcase and in the jail's online law library, both of which he can access through a jail-issued tablet.

*Second*, Hutchinson can review evidence for the case. Hutchinson can view so-called "global" video from January 6, 2021 on Evidence.com, which he can access through the same jail-issued tablet. Hutchinson can review case-specific evidence on his dedicated laptop. The government learned through his filing that Hutchinson's laptop was not working; the Department of Corrections reportedly provided a replacement laptop the same day. In addition to the dedicated laptop, Hutchinson can always meet with his standby counsel—at any day or hour—to review evidence on counsel's laptop.

1

*Third*, Hutchinson can read motions in this case. The government has been mailing its motions to Hutchinson. At the Court's direction and for the avoidance of doubt, the government mailed every substantive operative filing to Hutchinson on August 29, the package of which was received the next day. Going forward, the Deputy General Counsel for the Department of Corrections has graciously agreed receive filings from the government and Hutchinson's co-defendants and print them out for Hutchinson so that he can be adequately prepared for trial.

*Finally*, Hutchinson can communicate with standby counsel and file motions in this case. Hutchinson can always call his standby counsel in his unit's dedicated, unmonitored phone. The government learned through his motion that Hutchinson was not able to email standby counsel. The day the motion was filed, the government connected standby counsel with the Department of Corrections official to get the problem resolved. As for filing motions, now that Hutchinson's email issue has, according to the Department of Corrections, been resolved, the government expects that he can email his motions to standby counsel to be filed.

To the extent Hutchinson believes he does not have time to adequately prepare for his self-defense, these wounds are self-inflicted. Most obviously, Hutchinson was initially released pending trial, giving him the chance to use his electronics and tools of communications of choice. But Hutchinson cut his GPS monitor and fled from prosecution for nearly a year. Moreover, for a period of time, Hutchinson refused to accept the laptop that the jail provided to him. Though Hutchinson claims he refused it because he could not write motions on it, that choice also impacted his ability to review evidence. These obstacles, foreseeably created by Hutchinson's decision to represent himself, are not alone adequate bases for a continuance. Pro se status "does not excuse a criminal defendant from complying with the procedural or substantive rules of the court." *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (citing *Faretta v. California*, 422 U.S. 806,

2

835 n.46 (1975)). *See also United States v. Madsen*, 614 F. App'x 944, 953 (10th Cir. 2015) (defendant's pro se status alone was insufficient to establish good cause for extending a filing deadline); *Hamilton v. Clark*, No. CIV S-08-1008 EFB P, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9, 2010) ("[L]imited access to a law library [is] common among pro se prisoners and do[es] not constitute good cause for failure to exhaust [claims]."); *Watkins v. Regions Mortg. Inc.*, 555 F. App'x 922, 924 (11th Cir. 2014) (a litigant's pro se status was not a basis for extending discovery deadlines). Accordingly, Hutchinson should not be permitted to delay trial because he declined to use the tools available to him to review discovery.

\* \* \*

For the reasons above, Hutchinson's case should be neither dismissed nor delayed.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

DATED: September 6, 2024      By:      */s/ Brendan Ballou*
Brendan Ballou
Special Counsel
DC Bar No. 241592

Anna Krasinski
NH Bar No. 276778
Benet J. Kearney
NY Bar No.474048
Assistant United States Attorneys

United States Attorney's Office
601 D Street NW
Washington, DC 20530
(202) 431-8493 / (603) 451-7851/ (212) 637 2260
brendan.ballou-kelley@usdoj.gov
benet.kearney@usdoj.gov
anna.krasinski@usdoj.gov

**CERTIFICATION**

      I, Brendan Ballou, certify that to serve the parties, their counsel, and standby counsel, that I am electronically filing this pleading with the Clerk of the Court using the CM/ECF system, and am separately mailing this filing to the defendant Joseph Daniel Hutchinson III.

/s/ Brendan Ballou
Brendan Ballou
DC Bar No. 241592
Special Counsel
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
Brendan.Ballou-Kelley@usdoj.gov