## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-00447-CJN** |
| | : | |
| **JOSEPH DANIEL HUTCHINSON III,** | : | |
| | : | |
| **Defendant** | : | |

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S MOTION FOR EXCULPATORY EVIDNCE

Defendant Joseph Hutchinson moves for the production of "all exculpatory evidence," including several categories of materials, some specific, some wide-ranging. ECF No. 379. The Government will continue to meet its obligations under Rule 16 and *Brady* and provide the defendant and his standby counsel with access to all materials to which he is entitled by law. But the defendant either already has access to, or is not entitled to, many of the materials whose production he seeks to compel. Nevertheless, in an abundance of caution, the government will provide certain categories of material directly to him, as described below.

### I. Legal Standard

Under Federal Rule of Criminal Procedure 16, the Government must provide a defendant several categories of information. Rule 16(a)(1)(E) requires the Government, at a defendant's request, to "permit the defendant to inspect and to copy . . . documents, data, [and] photographs, . . . if the item is within the government's possession, custody, or control and" either (1) "the item is material to preparing the defense," (2) "the government intends to use the item in its case in- chief at trial," or (3) "the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). Evidence is "material" under Rule 16 "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation,

1

corroborating testimony, or assisting impeachment or rebuttal." *United States v. Slough*, 22 F. Supp. 3d 1, 4 (D.D.C. 2014) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)). The Rule 16 materiality standard is "not a heavy burden," but the government need only disclose information if it "enable[s] the defendant significantly to alter the quantum of proof in his favor." *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (citation omitted).

Under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny, the government must timely disclose to the defense favorable evidence that is "material" either to guilt or to punishment. *Brady*, 373 U.S. at 87.   Favorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government witness.  *Giglio*, 405 U.S. at 154; *see Smith v. Cain*, 565 U.S. 73, 76 (2012).   "The government's *Brady* obligations are separate and distinct from its obligations under Rule 16 of the Federal Rules of Criminal Procedure."  *United States v. Flynn*, 411 F. Supp. 3d 15, 28 (D.D.C. 2019).

"Under the Constitutional doctrine of *Brady* . . . and the statutory regime of Federal Rule of Criminal Procedure 16, defendants bear the burden of establishing their entitlement to the information they demand." *United States v. Nichols*, 21 Cr. 117, 2023 WL 6809937, at *1 (D.D.C. Oct. 16, 2023).  While *Brady* holds that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment," 373 U.S. at 87, "there is no general constitutional right to discovery in a criminal case, and *Brady* did not create one."  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  "If evidence does not meet the standard of *Brady*, then the defendant has no right to that information unless the Federal Rules of Criminal Procedure or a court's local rules provide otherwise." *Nichols*, 2023 WL 6809937, at *4.

## II. The Defendant's Requests

### A. USCP CCV Footage

The defendant seeks footage from three specific closed circuit video ("CCV") cameras maintained by the United States Capitol Police ("USCP"): camera numbers 9000, 0683, and 0682. Footage from each of these cameras is available in the evidence.com database to which the defendant and his standby counsel have access.[1]

### B. BWC Footage

The defendant seeks body-worn camera ("BWC") footage of himself and his co- defendants. BWC footage of officers with the Metropolitan Police Department ("MPD"), the Fairfax County Police Department, the Montgomery County Police Department, the Arlington County Police Department, and the Virginia State Police from January 6, 2021 is available in the evidence.com database to which the defendant and his standby counsel have access. In addition, the government has provided the defendant with BWC footage of 29 MPD officers, which depicts the defendant and/or his co-defendants (the same footage available on evidence.com). Via the Relativity database, standby counsel has access to a spreadsheet, created by the government, which lists the approximate area each police officer was positioned in (based on a review of their BWC footage) at 15 minute increments, which he can use to assist the defendant in identifying additional footage to review. The government will provide this spreadsheet and the accompanying maps to the defendant.

---

[1] Cameras 9000 and 9001, which were both located on the media tower on the West Plaza of the Capitol, lost video on January 6, 2021; there is therefore no footage after approximately 1:05 p.m. In response to an inquiry by the defendant, the government informed his former standby counsel of this on July 11, 2024.

### C.  Drone Footage

The defendant seeks "drone footage captured by the Government or citizens."  The government is not aware of any drone footage of the vicinity of the Capitol on January 6, 2021, but has identified several aerial photographs of the Capitol grounds in the Relativity database to which standby counsel has access that it will produce to the defendant.

### D.  Informants, Plain Clothes Officers, and Undercover Agents

The defendant seeks "the identities of all informants, plain clothed officers, FBI, CIA that were in the crowd, their communications, reports, videos, and testimonies from that day and [January] 4th and 5th but not limited to those days."  Standby counsel has access, via the Relativity database, to video recordings and photographs taken by members of MPD's electronic surveillance unit ("ESU") who were present on the Capitol grounds on January 6, 2021.  The government has not identified the defendant or his co-defendants in any of these videos, but will provide them to the defendant.

But the defendant articulates no basis for his sweeping request to compel the production of the identities of any plain clothes or undercover officers or agents or informants who may have been in the crowd on the Capitol grounds or materials pertaining to them.  *See United States v. Pope*, 21 Cr. 128 (RC), ECF No. 326 at 7 ("the Court cannot see how the alleged presence of government agents among the crowd at the riot induced [the defendant] to violate the law").  The defendant has provided no evidence that he interacted with an undercover agent or informant (or someone whom he believed was an undercover agent or informant) and that that person encouraged or otherwise induced him to commit the charged offenses, or demonstrated that the presence of undercover officers or informants has any relationship to his own conduct on January 6, 2021.  *United States v. Zink*, 21 Cr. 191 (JEB), 2023 WL 5206143, at *3 (D.D.C. Aug. 14, 2023) (denying

the defendant's motion "to compel disclosure of 'all undercover agents, Antifa activists, and confidential human sources within the sphere of the Defendant's alleged conduct on January 6, 2021'" as "too broad" because it "never identifies a single individual he interacted with whom he now suspects to be an undercover actor"). The information the defendant seeks is therefore irrelevant to any issue of consequence in this case, and not subject to production under either Rule 16 or *Brady*. *See Slough*, 22 F. Supp. 3d at 5 (requested evidence must bear "more than some abstract logistical relationship to the issues in the case."); *Pope*, 21 Cr. 128 (RC), ECF No. 326 at 8 (the defendant "is not entitled to information that is irrelevant to his own specific conduct"). This broad request is no more than a fishing expedition and the Court should deny it. *United States v. Williamson*, 2014 WL 12695538, at *2 (D.D.C. Oct. 23, 2014) (Rule 16 cannot be used to engage in a "fishing expedition").

### E.  After Action / Incident Reports and Interviews

The defendant seeks "all interviews of those in the crowd and those of police if they did any after action / incident reports." The government has produced in case-specific discovery reports of interviews of law enforcement officers and individuals who were present on the Capitol grounds on January 6, 2021 that it determined referenced the defendant or his co-defendants. It has also produced, as *Jencks* and/or *Giglio* material, statements of the witnesses, including police officers that it may call as witnesses at trial, including Use of Force Reports. On January 6, 2021, hundreds of USCP and MPD officers, in addition to officers from other law enforcement agencies, responded to protect and defend the Capitol. To date, the government has charged more than 1,500 defendants with offenses arising out of their conduct at the Capitol on January 6. Many of those individuals have been interviewed by the FBI. The vast majority of those individuals and officers did not interact with the defendant, nor were they positioned near him on the Capitol grounds. To

the extent that the defendant wishes to specify a narrowly-tailored set of officers and/or individuals whose statements he seeks, and can articulate what information he expects will be contained in those statements, the government will search for and review those statements.  *See Pope*, 21 Cr. 128 (RC), ECF No. 326 at 13 ("The Court will not order such broad discovery absent an explanation of what information [the defendant] expects to elicit and why he expects certain officers to have that information.")  However, the defendant's request for statements of *all* individuals and officers amounts to an unfounded fishing expedition and should be denied. "Neither the Constitution nor the Federal Rules of Criminal Procedure require the prosecution to undertake a broad or blind fishing expedition . . . on the chance that something impeaching or exculpatory might turn up." *Nichols*, 2023 WL 6809937, at *14 (cleaned up).  *See also United States v. Bennett*, 21 Cr. 312 (JEB), 2023 WL 6847013, at *3 (D.D.C. Oct. 17, 2023) ("[C]ourts do not permit defendants to use 'federal discovery for fishing expeditions to investigate mere speculation.'" (citation omitted)).

## F.  Police "Brutality or Misconduct"

The defendant seeks "all footage of police brutality or misconduct that transpired" on January 6, 2021.  As outlined above and in previous filings, the defendant already has access to the evidence.com database which contains BWC footage from police officers who responded to the Capitol on January 6, as well as USCP CCV footage of the Capitol building and grounds.  The government has also provided the defendant with voluminous third-party video footage, as well as several reports detailing open-source video footage depicting the defendant and his co-defendants (and the videos referenced in those reports).  And, the government has provided the defendant with videos and images obtained from the electronic devices and storage accounts of the individuals with whom he traveled to Washington, D.C., including his co-defendants.  Should the government

identify additional footage depicting the defendant or his co-defendants, it will produce it promptly.

However, the defendant's request, setting aside that it calls for a subjective assessment of officers' and rioters' actions, arguably encompasses conduct that occurred in locations far removed from the defendant.  Events that transpired outside of the observation of the defendant – although relevant to establishing that a civil disorder occurred and that government functions, including the Congressional certification of the electoral college vote count -- are entirely irrelevant and immaterial to any defense the defendant may wish to raise and are therefore outside of the scope of Rule 16 or *Brady*.

[This space intentionally left blank]

**CONCLUSION**

The government has already provided the defendant with extensive case-specific discovery and produced materials beyond its Rule 16 and *Brady* obligations.  In response to the defendant's specific requests, the government will produce additional materials, as described above.  But the remainder of the defendant's requests are unfounded fishing expeditions, untethered to any relevant issue in this case.  The motion should therefore be denied.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

DATED: October 10, 2024          By:     */s/ Benet J. Kearney*
Benet J. Kearney
NY Bar No.474048
Anna Z. Krasinski
NH Bar No. 276778
Assistant United States Attorneys

Brendan Ballou
Special Counsel
DC Bar No. 241592

United States Attorney's Office
601 D Street NW
Washington, DC 20530
(212) 637 2260 / (603) 451-7851/ (202) 809-2058
benet.kearney@usdoj.gov
anna.krasinski@usdoj.gov
brendan.ballou-kelley@usdoj.gov

## **<u>CERTIFICATION</u>**

I, Benet Kearney, certify that to serve the parties, their counsel, and standby counsel, that I am electronically filing this pleading with the Clerk of the Court using the CM/ECF system, and am separately mailing this filing to the defendant Joseph Daniel Hutchinson III.

/s/ *Benet J. Kearney*      .
Benet J. Kearney
